UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-cv-01942-DC-CKD |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SUNRUN INC. |
| MAX SOLIZ, Sr., et al., | |
| Defendants. | (Doc. No. 26) |

This matter is before the court on Plaintiff United States' motion for default judgment against Defendant Sunrun Inc. ("Sunrun").[1] (Doc. No. 26.) On November 17, 2023, the Clerk of the Court entered default as to Defendant Sunrun (Doc. No. 12), which has not appeared in the action or opposed the pending motion for default judgment. For the reasons explained below, the court will grant the pending motion for default judgment against Defendant Sunrun.

**BACKGROUND**

Plaintiff United States of America brought this action on September 8, 2023 to foreclose federal tax liens associated with outstanding federal tax debt owed by Defendants Max and Judith Soliz (collectively, the "Solizes"). (Doc. No. 1.) In an earlier federal action, the Solizes stipulated

---

[1] The motion for default judgment against Sunrun that Plaintiff filed on December 11, 2023 (Doc. No. 15) was denied without prejudice to renewal at a later stage of the action. (Doc. No. 17.)

1

1   that they owed over a half-million dollars in unpaid income tax for the years 2002 to 2010, and
2   judgment was entered in favor of the United States. (Doc. No. 1 at ¶¶ 17–18.) In the instant
3   action, the United States seeks to foreclose its liens on a piece of real property located in Grass
4   Valley (the "Alexandra Way Property"). The complaint names the Solizes as Defendants, along
5   with three institutional Defendants—Sunrun, the California Franchise Tax Board, and Nevada
6   County, California—each of whom allegedly "may claim an interest in the real property at issue."
7   (Doc. No. 1 at ¶¶ 7–9.)

8   Defendants Solizes and the California Franchise Tax Board have answered the complaint
9   (Doc. Nos. 6, 18), and defendant Nevada County has been dismissed pursuant to a stipulation
10  (Doc. No. 30).

11  On September 12, 2024, Plaintiff United States and Defendants Solizes submitted a joint
12  status report stating that they have "reached a mutual understanding of how the proceeds from a
13  possible sale of the Property should be divided" and were discussing possible settlement. (Doc.
14  No. 29). The only pending motion is the default judgment motion against Defendant Sunrun,
15  which is addressed herein.

16  **LEGAL STANDARD**

17  Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party
18  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend
19  against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not
20  automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*,
21  238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (*citing Draper v. Coombs*, 792 F.2d 915, 924–25
22  (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies
23  within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
24  1980). In making this determination, the court considers the following factors:

25/26/27/28
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

2

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *Id.* at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (*citing Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *accord Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default does not establish the amount of damages. *Geddes*, 559 F.2d at 560.

## DISCUSSION

**A.  Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors**

### 1.  Factor One: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, the absence of default judgment against Defendant Sunrun will hinder the parties' ability to resolve all claims to the Alexandra Way Property in a settlement, and the United States will be unable to sell the property with clear title. Accordingly, the first *Eitel* factor favors the entry of a default judgment.

### 2.  Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider

3

1  whether the allegations in the complaint are sufficient to state a claim that supports the relief
2  sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.
3        Here, the complaint alleges that Defendants Solizes owe the federal tax liabilities at issue
4  and own the Alexandra Way Property, that the United States is entitled to foreclose on this
5  property, and that Defendant Sunrun has a possible interest in the property which must be
6  resolved prior to sale. Because Plaintiff's allegations are taken as true following the entry of
7  default, the court concludes that Plaintiff has met its pleading burden sufficient to warrant default
8  judgment against Defendant Sunrun. Accordingly, the second and third *Eitel* factors favor the
9  entry of a default judgment.
10       3.    Factor Four: The Sum of Money at Stake in the Action
11       Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at
12 stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at
13 1176-77; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D.
14 Cal. 2003). Here, Plaintiff does not seek money against Defendant Sunrun, but a determination of
15 its interest, if any, on the subject property, based on a title report indicating that Defendant
16 Sunrun may have completed a solar installation at the property. (*See* Doc. No. 26 at 4.) Under
17 these circumstances, the court concludes that this factor favors the entry of a default judgment.
18       4.    Factor Five: The Possibility of a Dispute Concerning Material Facts
19       The facts of this case are straightforward, and the court may assume the truth of well-
20 pleaded facts in the complaint following the clerk's entry of default. Thus, there is no likelihood
21 that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*,
22 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are
23 taken as true after the court clerk enters default judgment, there is no likelihood that any genuine
24 issue of material fact exists"); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*,
25 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth *Eitel* factor favors a default
26 judgment.
27       5.    Factor Six: Whether the Default Was Due to Excusable Neglect
28       In this case, there is no indication in the record that Defendant Sunrun's default was due to

excusable neglect. Despite having been properly served with Plaintiff's complaint, the request for entry of default, and the instant motion for default judgment, Defendant Sunrun failed to appear in the action. Moreover, Defendant Sunrun has remained unresponsive after the entry of default against it, and after plaintiff filed two motions for default judgment against it. Thus, the record suggests that Sunrun has chosen not to assert an interest in the subject property in this action. Accordingly, this *Eitel* factor favors the entry of a default judgment.

    6.  <u>Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; <u>see also</u> <u>*Craigslist, Inc. v. Naturemarket, Inc.*</u>, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the *Eitel* factors, the court concludes Plaintiff is entitled to a default judgment against Defendant Sunrun with respect to the Alexandra Way Property.

**B. Terms of the Judgment to Be Entered**

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Here, the court adopts the terms proposed by Plaintiff United States (Doc. No. 26-1), as set forth below.

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion for default judgment against Defendant Sunrun Inc. (Doc. No. 26) is GRANTED; and

2. Any interest that Defendant Sunrun Inc. may have held in the real property at issue in this case (commonly known as 16967 Alexandra Way, Grass Valley, California

5

and more particularly described as Parcel A of Alta Sierra Estates—Fourteen A, as per map filed February 25, 1969 in Book 3 of Subdivisions, page 20) is extinguished.

IT IS SO ORDERED.

Dated:   **February 6, 2025**

Dena Coggins
United States District Judge