UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-cv-01942-DC-CKD |
| Plaintiff, | |
| v. | ORDER OF FORECLOSURE AND JUDICIAL SALE |
| MAX SOLIZ, SR., et al. | |
| Defendant. | |

This matter is before the court on the stipulation and request for an order of foreclosure and judicial sale filed by Plaintiff United States and Defendants Max Soliz, Sr.; Judith Soliz; the Franchise Tax Board for the State of California ("Tax Board") (collectively, "the Stipulating Parties"). (Doc. No. 32.) Therein, the Stipulating Parties stipulate that Plaintiff United States is entitled to enforce the liens and judgment described in its complaint (Doc. No. 1 at ¶¶ 19, 22), against the real property at 16967 Alexandra Way, Grass Valley, California 95959 (the "Subject Property"), through a judicial sale, and that the United States is entitled to an order of foreclosure and judicial sale. (*Id.* at 1.) Pursuant to that stipulation, the court hereby ORDERS as follows:

1.  The United States' federal tax liens and judgment lien against the Subject Property are hereby foreclosed. Subject to the limitation set forth in paragraph 6, below, the United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C.

1

§§ 2001 and 2002 to offer for public sale and to sell the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshall or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

2.   Subject to the limitation set forth in paragraph 6, below, the United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

3.   The terms and conditions of the sale are as follows;

    a.   Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests. The United States may sell the parcels together or separately.

    b.   The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c.   The sales shall be held at the United States District Court for the Eastern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

    d.   Notice of the sales shall be published once a week for at least four consecutive weeks before the date fixed for the sales in at least one newspaper regularly issued and of general circulation in Nevada County, California, and, at the discretion of the Marshal, his/her representative, or a

        PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do not apply to these sales. The notice or notices of sale shall describe the Subject Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

    e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

    f. Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

    g. The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including

3

1    commissions due under 28 U.S.C. § 1921(c), with any amount remaining
2    to be applied as described in paragraph 15 below.
3    h.    The sale of the Subject Property shall not be final until confirmed by this
4    Court. The Marshal or a PALS representative shall file a report of sale with
5    the Court within 30 days from the date of receipt of the balance of the
6    purchase price.
7    i.    Upon confirmation of the sale, the Marshal or PALS representative shall
8    promptly execute and deliver a deed of judicial sale conveying the Subject
9    Property to the purchaser.
10   j.    Upon confirmation of the sale, the interests of, liens against, or claims to
11   the residence and to the vacant lot held or asserted by the United States in
12   the Complaint and any other parties to this action or any successors in
13   interest or transferees of those parties shall be discharged and extinguished.
14   The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under
15   state or local law shall not apply to this sale under federal law.
16   k.    Upon confirmation of the sale or sales, the purchaser or purchasers shall
17   have the Recorder of Deeds of Nevada County, California cause the
18   transfer of the Subject Property to be reflected in the Nevada County
19   property records.
20   4.    Defendants Max Soliz, Sr. and Judith Soliz (collectively, the "Solizes") will not
21 oppose a foreclosure order and order of sale that complies with this Stipulation.
22   5.    While the Subject Property is in their possession, the Solizes shall keep the Subject
23 Property fully insured at their own cost, shall not commit waste or allow any other person to
24 commit waste on the Subject Property, and shall keep current in paying real property taxes to
25 Nevada County. The United States may periodically request proof that these conditions are being
26 met. Any such request shall be sent by email to their counsel (Rob Goldstein) or such other
27 person as the Solizes designate in writing. The Solizes shall respond through their designated
28 representative within seven business days of the United States' request.

4

6. Subject to the exception described in paragraph 9, the Stipulating Parties agree that the United States will not conduct a foreclosure sale until January 31, 2028.

7. Starting on February 15, 2025, the Solizes shall make monthly payments to the United States in the amount of $3,000 until the Subject Property is sold or voluntarily vacated and listed for sale by the Solizes. The Solizes should promptly notify the United States that they have vacated the Subject Property. And if the Subject Property in not under a contract for its sale within 60 days of vacating, then the United States has the right to conduct a foreclosure sale.

8. The Solizes shall pay the monthly installments described in paragraph 7 through ACH automatic electronic transfers by registering with PAY.Gov by February 12, 2025.

9. If the Solizes fails to adhere to any of the conditions of this agreement, and after notice of the default has been given by email to their counsel and 30 days have passed without the violation being cured, the United States may act upon the Order of Foreclosure and Judicial Sale without any further notice to the Solizes.

10. Prior to the United States selling the Subject Property through a foreclosure sale, the Solizes may sell the Subject Property by private sale according to the terms of this Stipulation.

11. The Solizes shall provide a copy of the order adopting this Stipulation to any title company and closing agent retained in the execution of a private sale of the Subject Property.

12. Before the Solizes formally accept an offer to purchase the Subject Property, they must inform counsel for the United States of the offer's terms. The United States must approve any purchase offer before it is formally accepted.

13. At least five business days prior to sale closing, the Solizes must notify counsel for the United States of the date and location of the closing.

14. Prior to closing, the title company or closing agent shall provide counsel for the United States a copy of the closing statement. Prior to closing, counsel for the United States must approve any settlement charges to be paid out of sale proceeds and must approve the closing (or sale settlement) statement. The closing (or sale settlement) statement must account for payment, from the sale proceeds, to the United States, the Tax Board, and the other parties as stated in paragraph 15 below. Prior to closing, the United States and the Tax Board will provide precise

payment amounts to the title company or closing agent through the Solizes' counsel.

15. The title company or closing agent shall collect the proceeds from the sale of the Subject Property and distribute those proceeds in the following order of preference:

    a. First, to pay any approved settlement charges;

    b. Second, to Nevada County for any real property tax and/or special assessment liens that are entitled to priority over prior security interests under California law and pursuant to 26 U.S.C. § 6323(b)(6), if any exist, and such amount will be pro-rated through the date of the sale confirmation;

    c. Third, to pay the United States and the Tax Board in accordance with the amount and priority of their liens as follows:

        i. The United States for an assessment dated May 21, 2001 for the 2000 tax year;

        ii. The United States for an assessment dated July 14, 2003 for the 2000 tax year;

        iii. The United States for an assessment dated June 28, 2004 for the 2003 tax year;

        iv. The United States for an assessment dated June 27, 2005 for the 2004 tax year;

        v. The United States for an assessment dated February 26, 2007 for the 2002 tax year;

        vi. The Tax Board for an assessment dated December 16, 2007 for the 2002 tax year;

        vii. The United States for an assessment dated February 15, 2008 for the 2003 tax year;

        viii. The United States for an assessment dated February 8, 2010 for the 2006 tax year;

          ix.      The United States for an assessment dated February 8, 2010 for the 2007 tax year;

          x.      The United States for an assessment dated February 22, 2010 for the 2005 tax year;

          xi.      The United States for three assessments dated March 1, 2010 for the 2008 tax year;

          xii.      The Tax Board for an assessment dated July 21, 2010 for the 2009 tax year;

          xiii.      The United States for three assessments dated August 16, 2010 for the 2009 tax year;

          xiv.      The United States for three assessments dated May 16, 2011 for the 2010 tax year;

          xv.      The Tax Board for an assessment dated June 20, 2011 for the 2010 tax year;

          xvi.      The United States for an assessment dated December 26, 2011 for the 2007 tax year;

          xvii.      The United States for an assessment dated March 18, 2013 for the 2004 tax year;

          xviii.      The United States for an assessment dated March 18, 2013 for the 2006 tax year;

          xix.      The United States for an assessment dated March 12, 2014 for the 2005 tax year;

          xx.      The Tax Board for an assessment dated November 4, 2014 for the 2007 tax year;

    d.    Fourth, to pay any remainder to the Solizes.

16.    The court retains jurisdiction to enforce the terms of this order.

/////

/////

17. The Stipulating Parties agree that each party shall bear its own respective costs and attorney's fees incurred with respect to this litigation.

IT IS SO ORDERED.

Dated: **February 6, 2025**

_____
Dena Coggins
United States District Judge

8